# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

JEROME ANDERSON
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 04-80939

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case involving more than 8 (the indictment charges 10) kilograms of cocaine and crack cocaine. The Defendant, Jerome Anderson, is charged by way of a 2004 Indictment, with Conspiracy to Distribute a Controlled Substance and Possession with Intent to Distribute a Controlled Substance, Aiding and Abetting. Defendant is named along with two codefendants, Marvell Lloyd (a relative of defendant, presumably a cousin) and Jason Sanders. Defendant is 35 years old, single and the father of three, who has lived for the past nine years with his mother and sister at 3782 Burns in the City of Detroit. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 1, 2008 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

For the past four years **while living with his mother,** Defendant has been a fugitive.  After arraignment on the charges in state court on November 4, 2004  he was bonded out on a $10,000/10% surety bond.  His co-defendant, Marvell Lloyd,  did appear and was also given a bond. (However Marvell Lloyd after he was charged on the indictment later failed to report to prison and has been a fugitive ever since).  Defendant subsequently failed to appear at his November 16, 2005 preliminary examination. At the time Defendant was on probation following a previous felony conviction.  Defendant then failed to appear at his Show Cause Hearing in 2005, and has been an absconder from justice ever since.  (Defendant argues that he was afraid that he might go to prison for life, and he couldn't afford to hire an attorney, so he fled in an effort to "get himself together" so that he could defend this case).

Defendant has used a total of 13 known aliases over  the years. When arrested in 2004, Defendant had on his person a Costco card in the name of Darin Bishop,  and his vehicle was also registered to that alias.  When arrested on June 27, 2008, he used another alias (Erin Lloyd), presumably to avoid apprehension and arrest.  Defendant is known to have four different Social Security numbers issued in his various names.

Defendant's criminal history includes three felony drug convictions:  1996, 2000, and 2001.  In the instant case, on November 2, 2004 a search warrant was executed at 3919 Mitchell in Detroit pursuant to the indictment.  The Defendant was found in the home, sitting on a couch, with a firearm next to him, and two other firearms within two feet of him.  More than $50,000 in cash was retrieved from a closet.  Eight kilos of cocaine in brick form  and 1500 grams of crack cocaine were found in the microwave and in the downstairs furnace.  Also found were eight empty kilo wrappers in the open garbage in plain view.  On Defendant's person were keys to the house.  Also present was the co-defendant, Marvell Lloyd who also had a set of house keys on his person.  Officer Diaz testified that the house was very sparsely furnished and looked like a stash house.  At the time of the search, Defendant was found to have a Costco card and two different ID's, neither of which showed the Mitchell Street address.  The weapons found included a Cobra semi-automatic, another semi-automatic and a third piece.

Defendant argues that the Mitchell house was not a stash house, but was in the process of being newly painted and renovated, and that's why Defendant had keys to the house.  The government argues that this suggestion defies logic, because no one would give a painter/carpenter access to a house that contained $50,000 cash, drugs stored in the microwave and the furnace, guns, kilo wrappers in plain view, drug paraphernalia, etc.   The Court finds the government's argument more persuasive on this point.

Defendant argues that he fled and became a fugitive in 2004 because he feared the possibility of going to prison for the rest of his life.  Defendant faces life in prison with the instant charges.  If Defendant fled in 2004,  his risk of flight is heightened incrementally under this indictment.  Defendant proposes that his mother act as his third party custodian.  Ms. Lloyd has been giving safe harbor to her son for the past four years while he maintained his fugitive status.  Third party custody to his mother would not be appropriate under any circumstances in the eyes of this Court.

Defendant has not overcome his presumption of being both a risk of flight and a danger to the community.  Defendant's criminal record, which includes three felony drug convictions,  his failure to appear at two court proceedings (one while on probation following another drug conviction) render him a proven flight risk.   He is known to have used 13 aliases, and he used one at the time of his arrest on June 27, 2008.  He has four Social Security numbers issued to him. The Court views this Defendant as a danger to the community.  There are no conditions of release that will adequately assure this Defendant's appearance in court or the safety of the community.  Therefore, Detention is ORDERED.